650 A.2d 1182

Denise M. QUINN, Petitioner,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF STATE, BUREAU OF PROFESSIONAL & OCCUPATIONAL AFFAIRS, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 20, 1994.

Decided Nov. 22, 1994.

Reargument Denied Jan. 18, 1995.

448

Stephen G. Bresset, for petitioner.

Deborah B. Eskin, for respondent.

Before SMITH and PELLEGRINI, JJ., and DELLA PORTA, Senior Judge.

SMITH, Judge.

■ Denise Quinn appeals from the December 13, 1993 order of the State Board of Auctioneer Examiners (Board) revoking her apprentice license because she violated Section 20(a)(4) of the Auctioneer and Auction Licensing Act (Act), Act of December 22, 1983, P.L. 327, *as amended,* 63 P.S. § 734.20(a)(4).[1] The issue presented is whether the Board erred in revoking Quinn's license since she fully disclosed her

---

1. Section 20 provides in pertinent part:

  (a) **General rule.**—The board may, upon its own motion ... temporarily suspend or permanently revoke licenses issued by the board or impose a civil penalty not exceeding $1,000 at any time when, after due proceedings provided in this act, it finds the licensee to have been guilty in the performance or attempt to perform any of the acts prohibited to others than licensees under this act, as follows:

  . . . . .

  (4) Within five years prior to the issuance of the license then in force, conviction in a court of competent jurisdiction in this or any other state or in Federal court of forgery, embezzlement, obtaining money under false pretenses, extortion, conspiracy to defraud or other like offense or offenses.

1991 forgery conviction to the Board prior to its issuance of the license.[2]

Quinn was issued an apprentice auctioneer license on March 2, 1992. On May 18, 1992, the Bureau of Professional and Occupational Affairs (Bureau) filed an order to show cause alleging that Quinn was charged with four counts of forgery, three counts of theft by deception and one count of criminal attempt, 18 Pa.C.S. §§ 4101(a)(2), 3922(a)(1), 901(a), respectively. Quinn pled guilty on May 2, 1991 to three counts of forgery committed against her former employer, was sentenced to five to twenty-three and one-half months imprisonment and 100 hours of community service, and was ordered to pay the cost of prosecution and undergo drug abuse evaluation during her incarceration. In her response, Quinn admitted her conviction for forgery; stated that she served her minimum five-month sentence, completed eighty-five hours of community service, and participated in drug abuse treatment; and indicated that she disclosed her conviction to the Board in her license application which explained the circumstances of her conviction.

The Board held a hearing at which Quinn, acting pro se, argued that her license should not be restricted because she fully disclosed her conviction in her application and it was the Board which was negligent in issuing the license. The Board revoked her apprentice auctioneer license because it concluded that Quinn's forgery conviction violated Section 20(a)(4) of the Act and noted that the conviction established that Quinn does not meet the honesty, truthfulness, integrity, and competence standard required pursuant to Section 3(c) of the Act, 63 P.S. § 734.3(c).[3]

2. This Court's scope of review of the Board's decision is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bunch v. State Board of Auctioneer Examiners,* 152 Pa.Commonwealth Ct. 616, 620 A.2d 578 (1993), *appeal denied,* 537 Pa. 635, 642 A.2d 488 (1994).

3. Section 3 provides in pertinent part:

   **(c) Qualifications in general for license.**—Licenses shall be granted only to persons who have a good reputation for honesty, truthfulness,

██ On appeal to this Court, Quinn argues that the Board should be estopped from revoking her license because it negligently misrepresented a material fact by issuing the license, implying that she met the qualifications set forth in the Act while knowing or having cause to know that Quinn would rely upon the misrepresentation. Quinn states that she justifiably relied upon the misrepresentation and worked as an apprentice auctioneer from March 2, 1991 to December 13, 1993 to her detriment in that she "specialized in housewares, antiques and collectables" and "developed a following." Further, Quinn argues that her due process rights were violated as the Board acted arbitrarily and deprived her of a property interest by issuing the license with knowledge of her prior convictions and then reversing its decision with no new information. According to Quinn, the legislature did not intend for the Board to revoke licenses for convictions disclosed to it before the licenses were issued, and the decision to revoke her license violated public policy favoring rehabilitation of "drug users and criminal wrongdoers".[4]

██ The doctrine of equitable estoppel prevents a party from acting differently than the manner in which it induced another party to expect. *Novelty Knitting Mills, Inc. v. Siskind*, 500 Pa. 432, 457 A.2d 502 (1983). The doctrine may be applied to a Commonwealth agency when the party asserting estoppel establishes by clear, precise and unequivocal evidence that: (1) the agency intentionally or negligently misrepresented a material fact; (2) the agency knew or had

integrity and competence to transact the business of auctioneer or apprentice auctioneer in a manner as to safeguard the interest of the public and only after satisfactory proof of these qualifications has been presented to the board as required by regulation.

4. This Court granted *Quinn's* request for supersedeas on March 24, 1994 determining that Quinn was likely to prevail on her due process and statutory interpretation arguments. Further review of the record demonstrates that Quinn waived her due process argument as she failed to raise it before the Board and consequently failed to preserve the issue for appellate review. *Bolduc v. Board of Supervisors of Lower Paxton Township*, 152 Pa.Commonwealth Ct. 248, 618 A.2d 1188 (1992), *appeal denied*, 533 Pa. 662, 625 A.2d 1195 (1993) (issues not raised below cannot be raised for the first time on appeal). The statutory interpretation argument will be discussed separately.

reason to know that the party would justifiably rely on the misrepresentation; and (3) the party acted to his or her detriment by justifiably relying on the misrepresentation. *Foster v. Westmoreland Casualty Co.*, 145 Pa.Commonwealth Ct. 638, 604 A.2d 1131 (1992).

Mere argument or doubtful inference is insufficient to establish the critical element of changing one's position to his or her detriment. *Whiteco Metrocom v. Department of Transportation*, 151 Pa.Commonwealth Ct. 154, 616 A.2d 193 (1992), *appeal denied*, 533 Pa. 647, 622 A.2d 1379 (1993); *Pennsylvania Liquor Control Board v. Venesky*, 101 Pa.Commonwealth Ct. 456, 516 A.2d 445 (1986), *appeal denied*, 515 Pa. 590, 527 A.2d 549 (1987). Moreover, equitable estoppel "is [a doctrine] of fundamental fairness, and whether it is applicable is dependent upon the particular facts of each case." *Central Dauphin Sch. Dist. v. Department of Education*, 63 Pa.Commonwealth Ct. 48, 55, 437 A.2d 527, 530 (1981).

In its decision, the Board cites *Gangewere v. Pennsylvania State Architects Licensure Board*, 98 Pa.Commonwealth Ct. 613, 512 A.2d 1301 (1986), and *Divine Providence Hosp. v. Department of Public Welfare*, 76 Pa.Commonwealth Ct. 188, 463 A.2d 118 (1983), to support its determination that the Board's issuance of a license does not estop it from taking disciplinary action against Quinn. In *Gangewere*, this Court held that renewal of an architect's license twenty months after his federal conviction did not estop the State Architects Licensure Board from suspending the license as there was no misrepresentation with respect to qualifications because the purpose of renewal was not to review qualifications. *See also Whiteco Metrocom* (equitable estoppel does not apply where the record contains no competent evidence that a misrepresentation occurred). In *Divine Providence Hosp.*, this Court determined that the Department of Public Welfare was not barred from raising the issue of timeliness of a health care provider's appeal from an audit report even though the provider reasonably relied upon a misrepresentation of one of the department's auditors in not timely filing its appeal. The Court stated that the provider was charged with knowledge of

the applicable regulations and therefore could not establish reasonable reliance upon the misrepresentation.

■ In the matter sub judice, Quinn presented no evidence to establish the critical element that she altered her position to her detriment. On the contrary, Quinn admitted that she was gainfully employed from the time the license was issued through the time it was revoked and has not offered a shred of evidence to meet her burden to prove that she has suffered detriment or is in any worse position as a result of the Board's mistake than she would have been had the Board initially denied her application for licensure. Consequently, this Court need not determine whether Quinn established a misrepresentation by the Board, *Gangewere, Whiteco Metrocom;* or whether Quinn should be charged with knowledge of the Act and its applicable regulations when considering the reasonableness of her reliance on the alleged misrepresentation. *Divine Providence Hosp.*

■ When determining the Legislature's intentions in enacting a statute, this Court must presume that the Legislature does not intend a result that is absurd, unreasonable or impossible of execution. Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(1). Additionally, it is well established that the construction given a statute by those charged with its execution and application should be afforded great weight and not disregarded or overturned except for cogent reasons, and unless it is clear that the construction is erroneous. *Golebieski v. Public School Employees Retirement Board,* 161 Pa.Commonwealth Ct. 127, 636 A.2d 268 (1993), *appeal denied,* 537 Pa. 635, 642 A.2d 488 (1994). The Legislature has expressly provided that the Board must issue licenses only to those applicants who meet the qualifications set forth in Section 3(c) of the Act and may revoke a license under Section 20(a) when the licensee is convicted of forgery within five years prior to issuance of the license.

■ The record is silent concerning circumstances surrounding the issuance of Quinn's license although the Board indicates that the license "was wrongly issued by an employee

who lacked the authority to issue a license without Board approval." Board Brief, p. 11. Nonetheless, in light of the Legislature's express grant of authority to the Board to revoke Quinn's license for a conviction predating issuance of the license and that a license may only be issued to those who qualify, it would be absurd for this Court to determine that the Legislature intended the result urged by Quinn. Such an interpretation would append restrictions not contemplated by the Act and cause an unreasonable result as the Board would have no recourse to safeguard public interests whether a license is issued through error, inadvertence, mistake or otherwise to an individual convicted of forgery or like offenses. Because Quinn was convicted of forgery ten months prior to issuance of her license, the Board did not err in determining that she does not meet the standard required for licensure pursuant to Section 3(c) and in revoking the license.[5] Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 22nd day of November, 1994, the December 13, 1993 order of the State Board of Auctioneer Examiners is affirmed.

---

**5.** Quinn has cited no authority to support her contention that public policy favoring rehabilitation of drug users and criminal wrongdoers dictates reversal of the Board's revocation of her license. To the contrary, the Act requires the Board to safeguard the public interest by restricting licenses to only those individuals who qualify for licensure as directed by the Act.