**Edward P. ZEMPRELLI, Petitioner,**

v.

**STATE EMPLOYEES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 14, 1996.

Decided July 22, 1996.

---

Samuel J. Cordes, for Petitioner.

Brian E. McDonough, for Respondent.

Before SMITH and PELLEGRINI, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Edward P. Zemprelli (Zemprelli) appeals from the order of the State Employees' Retirement Board (Retirement Board) denying his request to have his annuity benefits computed without the general limitation imposed by Section 5702(c) of the State Employees' Retirement Code (Code).[1] The question presented on review is whether members of the Legislative Reapportionment Commission are constitutional officers for purposes of the Code.

Zemprelli was elected to the Pennsylvania House of Representatives in 1963 and served there until 1968. Zemprelli also served as a State Senator from 1969 to 1988. In 1979, Zemprelli was elected majority leader of the State Senate, and pursuant to Article II, § 17(a) and (b) of the Pennsylvania Constitution,[2] he served as a member of the Legislative Reapportionment Commission in 1980. Zemprelli retired from the State Senate in November 1988. Thereafter, the State Employees' Retirement System (SERS), apply-

---

1. Section 5702(c), 71 Pa.C.S. § 5702(c), provides:

> The annuity paid to a member ... shall not exceed the highest compensation received during any period of twelve consecutive months of credited service: Provided, That the portion of any annuity paid to a member ... shall not exceed the greater of $12,000 or his highest annual compensation as a member of the General Assembly. No limit shall be applied in the case of a member who served as a constitutional officer of the General Assembly prior to January 1, 1973.

2. Pennsylvania Constitution, Article 2, § 17 provides in part:

> (a) In each year following the year of the Federal decennial census, a Legislative Reapportionment Commission shall be constituted for the purpose of reapportioning the Commonwealth. The Commission shall act by a majority of its entire membership.
> (b) The Commission shall consist of five members: four of whom shall be the majority and minority leaders of both the Senate and the House of Representatives, or deputies appointed by each of them, and a chairman selected as hereinafter provided.

ing Section 5702(c), determined that the amount of Zemprelli's annuity benefits could not exceed the highest compensation received by Zemprelli during any period of twelve consecutive months of credited service.

In 1994, Zemprelli appealed SERS's determination to the Retirement Board. Specifically, Zemprelli argued that his service on the Legislative Reapportionment Commission in 1980 made him a constitutional officer and thus exempt from the annuity limitation set forth in Section 5702(c) of the Code. After reviewing the statute, the legislative history and the relevant case law, the Retirement Board concluded that Zemprelli's service on the Commission did not make him a constitutional officer. In fact, the Retirement Board concluded that only the President Pro Tempore of the Senate and the Speaker of the House are constitutional officers for purposes of the statute. Thus the Retirement Board concluded that SERS properly used the annuity limitation when it calculated Zemprelli's benefits. This appeal followed.[3]

On appeal, Zemprelli contends that the Board erred in interpreting the term constitutional officer as it is used in Section 5702(c). Because this particular provision of the Code has not been previously interpreted by the courts, this Court will apply the ordinary rules of statutory construction to interpret the relevant provisions.

When interpreting the meaning of statutory language, this court's first inquiry is to ascertain the primary purpose of the statute in question.... Where the words of a statute are not explicit or unclear, then and only then, may a court embark upon the task of ascertaining the intent of the General Assembly by reviewing the necessity of the statute, the object to be obtained, circumstances under which the statute was enacted and the mischief to be remedied and other considerations guiding judicial review of statutes in the attempt to identify the legislative intent.

*Flaherty v. Pittsburgh School District,* 660 A.2d 218, 222 (Pa.Cmwlth.1995) (citations omitted). Initially, however, this Court emphasizes that the interpretation given to a statute by the agency charged with its application is entitled to great weight and should be disregarded or overturned only if such construction is clearly erroneous. *Quinn v. Commonwealth of Pennsylvania, Department of State, Bureau of Professional and Occupational Affairs,* 168 Pa.Cmwlth. 447, 650 A.2d 1182 (1994), *appeal denied,* 541 Pa. 646, 663 A.2d 697 (1995).

In determining who is a constitutional officer for the purposes of Section 5702(c), the Retirement Board looked to the language and plain meaning of the statute. The language of Section 5702(c) indicates that the Legislature intended to exempt certain members of the General Assembly from the annuity limitations; this exemption, however, is limited to constitutional officers. Although Article II of the Pennsylvania Constitution does not define constitutional officers, the Supreme Court has previously defined a constitutional officer as "the incumbent of an office expressly recognized in the Constitution." *Specter v. Martin,* 426 Pa. 102, 232 A.2d 729 (1967). Zemprelli argues that because the Legislative Reapportionment Commission is a body recognized in Article II, § 17 of the Constitution, the members of the Commission are constitutional officers.

After reviewing Article II of the Pennsylvania Constitution, the Retirement Board concluded that the President Pro Tempore of the Senate and the Speaker of the House are the only constitutional officers contemplated by Section 5702(c). Article II, § 9 of the Pennsylvania Constitution provides:

The Senate shall, at the beginning and close of each regular session and at such other times as may be necessary, elect one of its members President *pro tempore,* who shall perform the duties of the Lieutenant Governor, in any case of absence or disability of that officer, and whenever the said office of Lieutenant Governor shall be

---

3. This Court's scope of review is limited to a determination of whether the Board's findings are supported by substantial evidence, whether the Board committed an error of law and wheth-

er constitutional rights were violated. *Cosgrove v. State Employes' Retirement Board,* 665 A.2d 870 (Pa.Cmwlth.1995).

vacant. The House of Representatives shall elect one of its members as Speaker. Each House shall choose its other officers, and shall judge of the election and qualifications of its members.

This section provides that officers are to be *chosen* by each House and requires the election of only two officers—the President Pro Tempore of the Senate and the Speaker of the House. This section neither refers to nor requires the election of any other officers. Members of the Legislative Reapportionment Commission are not chosen by each House but are *designated* as members of the Commission pursuant to Article II, § 17. This Court therefore agrees with the Retirement Board's interpretation that the President Pro Tempore and the Speaker of the House are the only constitutional officers contemplated by Section § 5702(c) of the Code.[4]

The Retirement Board emphasized that the General Assembly is expressly recognized in the Constitution and noted that if it were to adopt Zemprelli's broad definition of a constitutional officer all members of the General Assembly would be constitutional officers and exempt from the annuity limitation as well. Zemprelli served on the Legislative Reapportionment Commission by virtue of his position as majority leader, and, as such, he is not entitled to the exemption claimed. Because Zemprelli's interpretation is inconsistent with the Legislature's clear intention to restrict exemption to the annuity limitation to select members of the General Assembly, the Retirement Board properly rejected Zemprelli's contention.

■ The Retirement Board's interpretation of the term constitutional officer is supported further by the legislative history of Section 5702(c). Because the Legislative Reapportionment Commission was not created until 1968, after the constitutional officer exemption to the annuity limitation had been enacted in 1965, the original definition of a constitutional officer could not have included

members of the Commission. "A court is to interpret constitutional language in its popular, ordinary, and natural meaning, taking into consideration the circumstances surrounding its formation and the likely construction placed upon it by the people who voted for it." *Lyles v. City of Philadelphia,* 88 Pa.Cmwlth. 509, 513, 490 A.2d 936, 939 (1985), *aff'd,* 512 Pa. 322, 516 A.2d 701 (1986). For this reason as well, this Court concludes that the Retirement Board's interpretation of Section 5702(c) is not clearly erroneous.

Although Zemprelli has not raised this issue, this Court emphasizes that in order to be exempt from the annuity limitation a member must not only establish that he or she served as a constitutional officer but also establish that this service occurred prior to January 1, 1973. Here, assuming arguendo that Zemprelli's service on the Legislative Reapportionment Commission made him a constitutional officer, he would not be exempt from the annuity limitation because he did not serve as a member of the Commission until 1980. Accordingly, this Court affirms the well-reasoned decision of the Retirement Board to deny Zemprelli's request for computation of his benefits without the general limitation imposed under Section 5702(c) for members who served as a constitutional officer of the General Assembly prior to January 1, 1973.

### ORDER

AND NOW, this 22nd day of July, 1996, the order of the State Employees' Retirement Board is hereby affirmed.

DOYLE and McGINLEY, JJ., did not participate in the decision in this case.

---

**4.** In his brief Zemprelli cites *Commonwealth ex rel. Kelly v. Kelly,* 322 Pa. 178, 185 A. 307 (1936), and other cases in which the courts have found certain individuals to be constitutional officers. The language of Section 5702(c), however, clearly limits the exemption of the annuity limitation

to constitutional officers of the General Assembly. Because none of the cases cited by Zemprelli involved members of the General Assembly, this Court will not adopt the definition of a constitutional officer applied in those cases.