**ARMCO, INC., Petitioner,**

v.

**PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 13, 1998.

Decided June 26, 1998.

Bradford Dorrance, Harrisburg, for petitioner.

Jane C. Pomerantz, Deputy Chief Counsel, Harrisburg, for respondent.

Before DOYLE and KELLEY, JJ., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Armco, Inc. (Armco) appeals from an order of the Department of Labor and Industry (Department), denying its request for a redetermination of its 1993 and 1994 unemployment contribution rates. We affirm.

In 1990, Armco began discussions with Cyclops Industries, Inc. (Cyclops) regarding the possible merger of the two companies. The companies ultimately agreed that Cyclops would merge into Armco in exchange for Armco stock and cash. In 1991, Armco formed Cyac, Inc. (Cyac) for the sole purpose of serving as an acquisition subsidiary in effecting the merger of the companies.

Robert Kent, an Armco Vice President, Secretary and General Corporate Counsel, was named as the director of Cyac. Cyac had no other employees or taxable wages. On April 24, 1992, at 4:27 p.m., Cyac merged into Cyclops, with Mr. Kent becoming the director of Cyclops. Simultaneously, Armco acquired the assets of Cyclops in exchange for the aforementioned stock and cash. On April 24, 1992, at 4:28 p.m., Cyclops was dissolved by Mr. Kent.

Following the merger, the Bureau of Employer Tax Operations (BETO) transferred the experience rating and reserve account balance of Cyclops to Armco, in accordance with Section 301(d)(1)(B) of the Unemploy-

ment Compensation Law (UC Law).[1] Cyclops had an unfavorable experience rating. As a result of the transfer of this rating to Armco, Armco's unemployment compensation contribution rate jumped from 3.7% in 1992 to 9.7% and 9.6% in 1993 and 1994 respectively.

Armco filed an appeal of BETO's transfer with the Department and requested a redetermination of its contribution rates. Armco alleged that the transfer of Cyclops experience rating was improper because neither Armco nor Cyclops owned or controlled one another within the meaning of Section 301(d)(1)(B) of the UC Law. The Department denied Armco's appeal and request for redetermination. The Department concluded that at the time of the dissolution of Cyclops, its director was also an Armco director (Mr. Kent), and therefore, there was common ownership or control between the two corporations. It is from this denial that Armco now appeals.

On appeal to this Court,[2] Armco once again asserts that the transfer of Cyclops' experience rating was improper because neither Armco nor Cyclops owned or controlled one another within the meaning of Section 301(d)(1)(B) of the UC Law. With respect to this argument, Armco alleges that the Department ignored the interpretation of this section as found in the case of *Baldwin–Lima–Hamilton Corporation v. Department of Labor and Industry*, 48 Pa. D. & C.2d 341 (1969).

Section 301(d)(1)(B) of the UC Law provides:

Notwithstanding the provisions of paragraph (A) of this subsection, with respect to any transfer by an employer subject to the contribution provisions of this act of its organization, trade or business, in whole or in part, whether such transfer was by merger, consolidation, sale or transfer, descent or otherwise, the department shall transfer the experience record and reserve account balance ... of such employer to its successor-in-interest if it finds that (I) such employer was owned or controlled by or owned or controlled the successor-in-interest either directly or indirectly, by legally enforcible [sic] means or otherwise or (II) both such employer and successor-in-interest were owned or controlled either directly or indirectly, by legally enforcible [sic] means or otherwise, by the same interest or interests.

This section of the UC Law is silent as to the time duration of common ownership that is necessary to trigger a transfer. Because there is no stated time period, the Department has interpreted the section by looking at the situation of the parties at the time of transfer.

"The interpretation given to a statute by the agency charged with its application is entitled to great weight and should be disregarded or overturned only if such construction is clearly erroneous." *Zemprelli v. State Employees' Retirement Board*, 680 A.2d 919, 921 (Pa.Cmwlth.1996), *petition for allowance of appeal denied*, 547 Pa. 739, 690 A.2d 239 (1997). Moreover, when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. *Allegheny County Institution District v. Department of Public Welfare*, 668 A.2d 252 (Pa.Cmwlth. 1995), *petition for allowance of appeal denied*, 547 Pa. 757, 692 A.2d 567 (1997).

At the time of transfer in the instant case, Cyclops was under the direction of Mr. Kent by virtue of Cyac's merger with Cyclops. Mr. Kent was also a director and officer with Armco at this time.[3] Thus, Armco's argument that neither it nor Cyclops owned or controlled one another within the meaning of Section 301(d)(1)(B) of the UC Law is with-

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 781(d)(1)(B).

2. Our scope of review is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether the Department committed an error of law, or whether petitioner's constitutional rights have been violat-

ed. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

3. It is obvious that Mr. Kent would not have been given control of Cyac except for the position he held with Armco and that Mr. Kent was at all times under Armco's control.

out merit.[4]

With respect to the *Baldwin* case cited above, the facts of that case are distinguishable from the instant case. In *Baldwin*, Baldwin–Lima–Hamilton, a Pennsylvania corporation (BLH–PA), merged with and into Armour and Company (Armour). On the same day, Armour transferred the assets it had acquired from the merger to a wholly owned subsidiary, Baldwin–Lima–Hamilton, a Delaware corporation (BLH–DE).

In *Baldwin*, Armour never acquired the reserve account balance of BLH–PA and was not required to do so. The Department, however, argued that the reserve account of BLH–PA was an asset acquired by Armour in its merger and, therefore, by virtue of Section 301(d)(1)(B), should be transferred to BLH–DE with the rest of the assets. On appeal, the Court refused to apply Section 301(d)(1)(B) on the basis that the reserve account was never an asset of Armour and was never under the control of Armour. Accordingly, there was nothing to transfer under Section 301(d)(1)(B). Thus, Armco's reliance on the *Baldwin* case is misplaced.

Accordingly, the order of the Department is affirmed.[5]

### *ORDER*

AND NOW, this 26th day of June, 1998, the order of the Department of Labor and Industry is affirmed.

---

**4.** Regardless of the motivation for the creation of the straw corporation (Cyac), the fact remains that such entities cannot be created for the purpose of avoiding the transfer of an unfavorable experience rating under the UC law.

**5.** We note that Armco also raises a question as to the constitutionality of the Department's interpretation of Section 301(d)(1)(B). While Armco cites various cases in support of this argument, it fails to explain how these cases apply to the instant action. When issues are not properly raised and developed in briefs, or when briefs are wholly inadequate to present specific issues for review, the Court will not consider the merits thereof. *Radman v. Commonwealth*, 135 Pa. Cmwlth. 401, 580 A.2d 480 (1990), *petition for allowance of appeal denied,* 528 Pa. 614, 596 A.2d 160.