**PennDOT v. Roop**

*Joanne Steinke Faul,* for plaintiff.
*Timothy P. Wile,* for defendant.

ROSSANESE, *S.J.,* March 22, 2010—Bryan Keith Roop appealed to this court from the refusal of PennDOT to issue a license to operate a motor vehicle. His operating privileges had been revoked by PennDOT in February 1992 for three convictions of driving under the influence and two of driving under suspension between 1988 and 1990. He moved to Florida in 1992, and, while licensed there, he was convicted at least two more times of operating under the influence. As a result, his Florida operating privileges were permanently revoked under the laws of that state.

Mr. Roop returned to Pennsylvania, turned in his license and served his eight-year revocation. In December 2003 he was issued a probationary license. This was reissued several times, until December 2007, when PennDOT learned of the Florida revocation. In October 2008 he applied for a Pennsylvania learner's permit. PennDOT issued that permit despite his disclosure of the Florida revocation. On March 17, 2009 PennDOT notified Mr. Roop he was not eligible for a Pennsylvania license, and he filed his appeal.

We conducted a hearing on June 22, 2009. The parties filed briefs, and on December 17, 2009 we denied Mr. Roop's appeal.

Mr. Roop asserts, first, that article V(2) of the Driver's License Compact, 75 Pa.C.S. §1581 is an exception to

the absolute prohibition of 75 Pa.C.S. §1503(a)(1), which is:

*"Persons ineligible for licensing.*—The department shall not issue a driver's license to, or renew the driver's license of, any person:

"(1) Whose operating privilege is suspended or revoked in this or any other state . . . ."

The relevant provisions of the driver's license compact are:

"Article V

"Applications for new licenses

"Upon application for a license to drive, the licensing authority in a party state shall ascertain whether the applicant has ever held or is the holder of a license to drive issued by any other party state. The licensing authority in the state where application is made shall not issue a license to drive to the applicant if: . . .

"(2) The applicant has held such a license, but the same has been revoked by reason, in whole or in part, of a violation and if such revocation has not terminated, *except that after the expiration of one year from the date the license was revoked such person may make application for a new license if permitted by law.* The licensing authority may refuse to issue a license to any such applicant if, after investigation, the licensing authority determines that it will not be safe to grant to such person the privilege of driving a motor vehicle on the public highways . . .

"Article VI

"Applicability of other laws

"*Except as expressly required by provisions of this compact, nothing contained herein shall be construed to affect the right of any party state to apply any of its other laws relating to licenses to drive to any person or circumstance,* nor to invalidate or prevent any driver license agreement or other cooperative arrangement between a party state and a nonparty state." (emphasis added)

Contrary to Mr. Roop's assertion, article V(2) does not create an exception to the absolute prohibition on licensing in section 1503(a)(1). Article V(2), by its terms, only allows PennDOT the discretionary authority to issue a license if it is otherwise permitted by law to do so, and it is not. This is confirmed by article VI of the compact. That does not make the language of article V(2) surplusage, as contended by Mr. Roop. Pennsylvania has simply chosen not to grant the discretion allowed by the driver's license compact.

This interpretation is supported by decisions in other states that have absolute prohibitions on licensing a driver during an out-of-state suspension or revocation: *Gwin v. Motor Vehicle Administration,* 385 Md. 440, 869 A.2d 822, *cert. denied,* 546 U.S. 823 (2005); *Girard v. White,* 356 Ill. App.3d 11, 826 N.E.2d 517 (1st Dist. 2005); *Tull v. Commissioner of the Department of Public Safety,* 176 P.3d 1227 (Okla.Civ.App. 2007).

Mr. Roop next contends that PennDOT's issuance of the learner's permit collaterally estops it from refusing

to issue a regular license. Collateral estoppel and res judicata are applicable only to an adjudication on the merits by a court. *Commonwealth, Department of Environmental Protection v. Fiore,* 682 A.2d 860, 862 (Pa. Commw. 1996), *allocatur denied,* 550 Pa. 868, 704 A.2d 640 (1997); *Whitford's Liquor License Case,* 166 Pa. Super. 48, 51, 70 A.2d 708, 710-11 (1950).

If Mr. Roop is contending that the issuance of the permit equitably estops the department from refusing to issue a license, he is also incorrect. Even if he had established the factual elements of an estoppel[1] (which he did not, because he asserts no reliance) equitable estoppel cannot be based on the error of a government agency or employee that is contrary to law. Otherwise, governmental error would have the effect of amending statutes. *Finnegan v. Commonwealth, Public School Employes' Retirement Board,* 126 Pa. Commw. 584, 590, 560 A.2d 848, 851 (1989), *aff'd without opinion,* 527 Pa. 362, 591 A.2d 1053 (1991). Issuance or renewal of a license, with knowledge of facts that would justify its denial or revocation does not equitably estop a licensing authority from revoking or refusing to issue a license. *Denier v. State Board of Medicine,* 683 A.2d 949, 953 (Pa. Commw. 1996); *Quinn v. Commonwealth, Bureau of Professional and Occupational Affairs,* 168 Pa. Commw. 447, 453,

---

1. Misrepresentation of a material fact, made with knowledge or reason to know the other party would rely upon it, and inducement of the other party to act to its detriment because of justifiable reliance. *E.g., Reform Congregation Oheb Sholom v. Berks County Board of Assessment Appeals,* 839 A.2d 1217, 1221 (Pa. Commw. 2004), *allocatur denied,* 578 Pa. 691, 849 A.2d 1206 (2004).

650 A.2d 1182, 1185 (1994), *allocatur denied,* 541 Pa. 646, 663 A.2d 697 (1995).

The action of PennDOT refusing to grant operating privileges to Bryan Roop was required by law. Therefore, we affirmed.