617 A.2d 835

Joan CICCHIELLO

v.

**BLOOMSBURG ZONING HEARING BOARD and the Town of Bloomsburg.**

**Appeal of the TOWN OF BLOOMSBURG, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 18, 1992.

Decided Nov. 17, 1992.

Reargument Denied Jan. 13, 1993.

507

508

Thomas E. Leipold, for appellant.

William R. Swinehart, for appellee.

Before COLINS and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

The Town of Bloomsburg (town) appeals from an order of the Court of Common Pleas of Columbia County (trial court) which ordered the Zoning Hearing Board (board) to issue a permit for a take-out pizza service to Joan Cicchiello (landowner). We reverse.

In 1985, landowner purchased a property located at 500 East Second Street in Bloomsburg. The property is improved with two buildings, one of which, a brick structure located immediately adjacent to the campus of Bloomsburg University, is the subject of the present dispute. Some time prior to landowner's purchase, a restaurant or snack bar had been operated on the ground floor of the subject building. By the date of landowner's purchase, however, the building had been converted to office space and was leased to the University. On the date of purchase, the parcel was zoned Residential–Urban, but was changed in 1986 to University District.

Landowner was unable to negotiate an extension of the lease, which was due to expire in August of 1989. In April of 1989, landowner applied for a permit to use the ground floor of the building for student housing and to operate a take-out pizza service in the basement. The board denied the request, stating that a take-out pizza service was not a permitted use in the University District. Landowner then requested a formal hearing before the board, which was held on May 11, 1989. At the hearing, the following colloquy took place:

Board Member McVey: But like I said, we're aware it was being used as a restaurant for quite a while.

The Chairman: The fact that it is a non-conforming use within a residential district—I suppose if you want to make student housing out of it, throw some apartments in there and put three kids to an apartment, you could, but it was originally a restaurant. Then it became offices. And you want to make it back into a restaurant. Basically, you are sticking with a non-conforming use, but only if the property is zoned residential where we have authority over the decision.

. . . .

The Chairman: I think my recommendation would be to go to the very next Council meeting and ask that that property be rezoned to fit in with the rest of the neighborhood. It's half—it's not even half a block. It's about a fourth of a block that is the continuation of the university district.

The only thing I can think of, when they did the map they saw the University was in there and that's why they included it. But it is privately owned, and I would seek rezoning and then come for a variance to change the use.

Reproduced Record (R.) at 12a–14a.

By decision dated May 23, 1989, the board formally concluded that a take-out pizza service was not a permitted use. Landowner did not appeal from this decision, but instead followed the board chairman's advice and applied to town council for a change of zoning. On August 7, 1989, town council granted the requested zoning change from University

District to Residential–Urban. Landowner then returned to the board and requested a variance. Following a hearing on August 10, 1989, the board denied the variance request and landowner appealed. The trial court remanded for a further hearing, which was held on May 31, 1990. In a decision dated July 12, 1990, the board again denied the request for a variance and landowner again appealed.

The trial court, without taking additional evidence, concluded that the board was equitably estopped from treating the property under the classification of Residential–Urban, but must consider landowner's request as a request for a permit under the University District classification. The trial court then found that a pizza take-out service was a permitted use in the University District and ordered that landowner's permit be approved. The town now appeals to this court.

## EQUITABLE ESTOPPEL

█ The town argues that the trial court erred in applying the doctrine of equitable estoppel to a zoning appeal. Where a trial court has not taken additional evidence, our scope of review is limited to a determination of whether the board committed a manifest abuse of discretion or an error of law. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

In support of its argument, the town cites *Mazeika v. American Oil Co.*, 383 Pa. 191, 118 A.2d 142 (1955), which states as follows:

Zoning, being statutory, is exclusively matter of law and not equity. The procedure to be followed is prescribed in detail in the various zoning Acts of Assembly. Nowhere in the various statutes is provision made, expressly or by implication, for the application of equitable principles. When a procedure is stipulated by a statute, its provisions must be strictly pursued and exclusively applied: ...

*Id.* at 194, 118 A.2d at 143.

Landowner counters that equitable estoppel can properly be utilized against governmental agencies, citing *Public School*

*Building Authority v. Quandel,* 137 Pa.Commonwealth Ct. 252, 585 A.2d 1136 (1991).

Neither party cites, nor can this court find, any case in Pennsylvania discussing the applicability of equitable estoppel to a recommendation by a Zoning Hearing Board to pursue a change in zoning. We believe, however, that under appropriate circumstances, estoppel could be applied. While it is true that *Quandel* discussed the application of equitable estoppel to a Commonwealth agency acting in its proprietary capacity, other cases have allowed use of the doctrine against municipal bodies. *See Albright v. City of Shamokin,* 277 Pa.Superior Ct. 344, 419 A.2d 1176 (1980).

Furthermore, the doctrine has been allowed where the governmental agency was clearly performing a governmental, rather than a proprietary act. *See Pennsylvania Liquor Control Board v. Venesky,* 101 Pa.Commonwealth Ct. 456, 516 A.2d 445 (1986) (non-selection for promotion); *Department of Revenue v. King Crown Corp.,* 52 Pa.Commonwealth Ct. 156, 415 A.2d 927 (1980) (taxation). Our Supreme Court has recently recognized the applicability of equitable estoppel in a case involving recovery of Medical Assistance payments from a skilled nursing facility. *Chester Extended Care Center v. Department of Public Welfare,* 526 Pa. 350, 586 A.2d 379 (1991). Accordingly, if the elements of equitable estoppel are present in this case, we would agree with the trial court that the board could be estopped from considering landowner's application for a variance under the amended zoning classification.

In order to apply equitable estoppel to a governmental agency, the party sought to be estopped (1) must have intentionally or negligently misrepresented some material fact, (2) knowing or having reason to know that the other party would justifiably rely on the misrepresentation and (3) inducing the other party to act to his detriment because of his justifiable reliance on the misrepresentation. *Venesky,* 101 Pa.Cmwlth. at 460, 516 A.2d at 448.

■ Applying these elements to the present case, we conclude that the trial court erred. It is true that the board advised landowner to seek re-zoning of the property. The material fact, however, as we see it, is whether or not the board misrepresented to landowner that a variance would in fact be approved after the rezoning was accomplished. As the trial court itself acknowledged, the board "advised [landowner] to seek a rezoning from the Town Council so as to allow a nonconforming use to be *considered.*" Trial court opinion at 4. Our review of the board's discussion does not reveal any language which does any more than speculate as to whether or not a variance would ultimately be granted.

Additionally, the board did nothing which would have precluded landowner from appealing from the initial denial of a variance. Accordingly, landowner waived her right to appeal from the initial denial, not because of a material misrepresentation by the board, but because of her conscious decision to forego her right to appeal and instead to seek rezoning.

We conclude, therefore, that the elements of equitable estoppel have not been made out in this case. Because of our resolution of this issue, we need not discuss whether landowner's proposed take-out pizza service would be a permitted use in the University District.

## ABANDONMENT OF NONCONFORMING USE

■ Landowner argues that even if considered under the Residential classification, she is entitled to a variance because no evidence of record shows an abandonment of the pre-existing nonconforming use. We note that the burden of proving abandonment of a nonconforming use lies with the party asserting such abandonment. *Epting v. Marion Township Zoning Hearing Board,* 110 Pa.Commonwealth Ct. 389, 532 A.2d 537 (1987). Where the issue is abandonment of a nonconforming use, discontinuance of such use for a period in excess of that called for in the zoning ordinance creates a presumption of an intent to abandon. *Rayel v. Bridgeton*

*Township Zoning Hearing Board,* 98 Pa.Commonwealth Ct. 455, 511 A.2d 933 (1986).

In the present case, the ordinance provides as follows:

E. *Abandonment and Discontinuance.* When a nonconforming use of a structure, and/or premises in combination, is discontinued or abandoned for twelve (12) consecutive months (except when death, involuntary or government action impedes access to or use of the premises), the structure, and/or premises in combination, shall not thereafter be used except in conformity with the regulations of the district in which such is located.

Town of Bloomsburg Zoning Ordinances, 1991, § 801(2)(E).

The board, in its conclusions of law, found as follows:

6. As a Matter of Law, the Applicant may not use the property as requested as a prior non-conforming use, because the prior use of the property's present office space, as a restaurant, has been abandoned for a period of years and the basement area was used only as storage previously.

■ We agree with landowner that the board could have, and perhaps should have made a more specific finding regarding abandonment of the nonconforming use. Nevertheless, the board clearly found that the prior nonconforming use as a restaurant had been abandoned "for a period of years," which is, of course, well in excess of the twelve months required by the ordinance. Additionally, a review of the record reveals that the board's finding is amply supported by evidence, which tends to show that Cicchiello acquired the property in 1985, at which time the restaurant use had already been discontinued and the property was being used for offices.[1] Therefore, the town met its burden of showing an abandonment of the pre-existing nonconforming use for a period of more than twelve months.

Accordingly, because we conclude that the trial court erred in finding that landowner had shown the elements of equitable estoppel, and because we find that the board properly found

1. R. at 99a.

an abandonment of the prior nonconforming use, we must reverse the order of the trial court.

## ORDER

NOW, this 17th day of November, 1992, the order of the Court of Common Pleas of Columbia County, dated September 24, 1991, at Nos. 925 of 1989 and 888 of 1990, is reversed.