# Menichiello v. Borough of Clarks Summit

C.P. of Lackawanna County, no. 09 CV 5251.

*MichaeL R. Mey,* for plaintiffs.
*Gary H. Dadamo,* for defendant.

MINORA, *J.,* September 7, 2010—The issues before the court are defendant's preliminary objections to the plaintiffs' complaint in the nature of demurrer.

## FACTUAL AND PROCEDURAL HISTORY

This case was commenced by plaintiffs, Joseph and Susan Menichiello, filing a complaint in estoppel and negligence. The plaintiffs are seeking damages in the amount of $113,550.

Plaintiffs own two lots on Clayborne Avenue in Clarks Summit, Pennsylvania. In January of 2009, plaintiffs allege that they submitted a building application to the Clarks Summit Code Enforcement office, consisting of a proposal to build a single-family dwelling straddling the centerline of the two lots. Plaintiffs further allege they were informed by Code Enforcement Officer Ziesemer that they could not build a single family structure as desired but that they could obtain two separate permits to construct two separate residences, one on each lot.

Plaintiffs subsequently received their building permit for one lot in April 2009 and began construction on that lot. In June of 2009, plaintiffs submitted an application for a building permit on the other lot and defendant denied the same.

Plaintiffs subsequently filed an appeal with the zoning hearing board who denied the application by a 2 to 1 decision.

Plaintiffs then initiated this action with the filing of a writ of summons on September 18, 2009. On March 25, 2010, plaintiffs filed their complaint against defendant. Preliminary objections to the complaint along with a brief in support were filed in the nature of demurrer for both counts of the complaint. Plaintiffs filed an answer to the preliminary objections along with a brief in opposition to the defendant's preliminary objections. Both parties agreed to have the issue decided on briefs. We now find this issue ripe for disposition.

Defendant contends demurrer should be granted as to plaintiffs' claim of equitable estoppel for several reasons: (1) equitable estoppel requires a prayer for equitable relief, not money damages; (2) plaintiffs did not justifiably rely on the alleged representations of the code enforcement officer and did not act in good faith to support a claim of equitable estoppel; (3) plaintiffs have not alleged elements of equitable estoppel that would provide them with recovery if proven true.

Plaintiffs argue they are entitled to proceed on the theory of promissory estoppel, a cognizable theory of recovery arising from the concept of equitable estoppel.

Defendant contends demurrer should also be granted as to plaintiffs' claim of negligence because defendant

is entitled to immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541, et seq. Plaintiffs agree with the cases cited by the defendant with respect to Count II (negligence) and so withdraw that count.

## LEGAL STANDARD

Preliminary objections are governed by Pa.R.C.P. 1028. "Preliminary objections in the nature of [a] demurrer test the legal sufficiency of the plaintiff's complaint." *State Farm Mutual Automobile Insurance Co. v. Ware's Van Storage,* 953 A.2d 568, 571 (Pa. Super. 2008) (quoting *Sexton v. PNC Bank,* 792 A.2d 602, 604 (Pa. Super. 2002)). It is not necessary that the plaintiff identify the specific legal theory underlying the complaint, as it is the court's duty to discover from the facts alleged in a complaint the cause of action, if any, stated therein. *Cardenas v. Schober,* 783 A.2d 317, 325 (Pa. Super. 2001). Accordingly, the court must examine the complaint to determine whether it sets forth a cause of action that, proven, would vest the plaintiff with a right to relief. *State Farm Mutual Automobile Insurance Co.,* 953 A.2d at 571.

The Commonwealth Court provided the guidelines for examining legal insufficiency of a pleading (demurrer) in *Richardson v. Beard,* 942 A.2d 911, 913 (Pa. Commw. 2008) (citations omitted):

"In considering preliminary objections, we must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts. . . . *Preliminary objections will be sustained only where it is clear and free from doubt that the facts pleaded are legally insufficient to establish*

*a right to relief. . . .* We need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations or expressions of opinion." (emphasis added)

"The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible." *Mistick Inc. v. Northwestern National Casualty Co.,* 806 A.2d 39, 42 (Pa. Super. 2002). (citation omitted) Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside the complaint may be considered to dispose of the legal issues presented by the demurrer. (citation omitted) *Cooper v. Frankford Health Care System Inc.,* 970 A.2d 431 (Pa. Super. 2008). Any doubt as to the legal sufficiency of the complaint should be resolved in favor of overruling the demurrer. *Kane v. State Farm Fire and Casualty Co.,* 841 A.2d 1038 (Pa. Super. 2003). Further, the Rules of Civil Procedure are to be liberally interpreted. See Pa.R.C.P. 126.

## LEGAL ANALYSIS

### 1. Defendant's Preliminary Objection in the Nature of Demurrer as to Count of Plaintiffs' Complaint (Equitable Estoppel)

Count I of plaintiffs' complaint purports to assert an equitable estoppel claim against the defendant based upon the actions of its employee, Code Enforcement Officer Ziesemer. While defendant is correct to assert that a claim of equitable estoppel requires a prayer for equitable relief not money damages, this assertion is insufficient to grant demurrer in this instance.

Defendant's claims are based on the assumption that plaintiffs have filed an "equitable estoppel" action. Although the plaintiffs have labeled Count I of the complaint "equitable estoppel," the more appropriate cause of action arising from the facts averred is "promissory estoppel." Whether the plaintiffs have identified the specific legal theory under which they may recover is inconsequential, as the duty to determine the appropriate cause of action remains with the court. See *Cardenas v. Schober,* 783 A.2d 317, 325 (Pa. Super. 2001). A plaintiff who attempts to recover upon a promise on the basis of estoppel need not attach any particular label to his claim as long as the plaintiff's basic contention involves a promise and reasonable and detrimental chance. *Paul v. Lankenau Hospital,* 375 Pa. Super. 1, 10, 543 A.2d 1148, 1152 (1988), *reversed on other grounds.* We see no reason to deny the plaintiffs relief on the grounds that they have confused and mislabled the theories of estoppel.

Equitable estoppel applies to prevent a party from assuming a position or asserting a right to another's disadvantage inconsistent with a position previously taken. *Quinn v. Commonwealth, Department of State, Bureau of Professional & Occupational Affairs,* 168 Pa. Commw. 447, 451, 650 A.2d 1182, 1184 (1994). Equitable estoppel is a defense used to preclude a person from denying or asserting a claim. *Mellon Bank N.A. v. Holub,* 400 Pa. Super. 360, 368, 583 A.2d 1157, 1160 (1990). Thus, equitable estoppel is not an independent cause of action. *Peluso v. Kistner,* 970 A.2d 530, 533 (Pa. Commw. 2009). Though it may aid a party in recovering upon a legal theory, it may not serve as a substitute for such a theory. See *id.*

The doctrine of promissory estoppel is an outgrowth of equitable estoppel but the two are separate and distinct principles. See *id.* Promissory estoppel, unlike its equitable cousin, may serve as an independent cause of action. See *id.* The Supreme Court of Pennsylvania has provided the following guidance regarding promissory estoppel:

"Where there is no enforceable agreement between the parties because the agreement is not supported by consideration, the doctrine of promissory estoppel is invoked to avoid injustice by making enforceable a promise made by one party to the other when the promisee relies on the promise and therefore changes his position to his own detriment. . . . *In order to maintain an action in promissory estoppel, the aggrieved party must show that (1) the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise.*" *Crouse v. Cyclops Industries,* 560 Pa. 394, 403, 745 A.2d 606, 610 (2000). (citations omitted) (emphasis added)

Indeed, plaintiffs have pleaded and alleged facts sufficient to support a claim of promissory estoppel: (1) defendant erroneously informed plaintiffs as to what they could build on their lots; (2) plaintiffs built a single-family residence as a result of defendant's advice; (3) injustice can only be avoided by enforcing the promise. Plaintiffs may proceed under this theory and have indicated intent to do so.

The defendant's claim that money damages are inappropriate in this instance thus is no longer relevant. The

Commonwealth Court has acknowledged that money damages are an appropriate remedy for promissory estoppel claims, stating that "[i]n promissory estoppel, the remedy is adjusted to suit each case. . . . The remedy can include (1) money damages measured by the foreseeable injury resulting from non-performance; (2) restitution measured by the promisor's unjust enrichment; (3) reliance damages to reimburse the expenses incurred by the promise; or (4) specific performance." *Matarazzo v. Millers Mutual Group Inc.,* 927 A.2d 689, 697 n.4 (Pa. Commw. 2007).

The defendant's second claim that plaintiffs did not justifiably rely on the alleged representations of the code enforcement officer and did not act in good faith is also insufficient to support demurrer. This claim too relies on the assumption that the plaintiffs will proceed under the theory of equitable estoppel. See *Cicchiello v. Bloomsburg Zoning Hearing Board,* 151 Pa. Commw. 506, 617 A.2d 835 (1992). However, as discussed above, recovery is possible under the theory of promissory estoppel. Plaintiffs' ability to recover under the theory of equitable estoppel is not relevant. So long as recovery is available under a legally cognizable theory, demurrer is inappropriate.

The defendant's final contention is that plaintiffs have not alleged elements of equitable estoppel that would provide them with recovery if proven true. More specifically, defendant contends that plaintiffs have not alleged that they relied upon any representation made by defendant which precluded them from appealing the decision by the zoning hearing board. Defendant has

cited *Cicchiello v. Bloomsburg Zoning Hearing Board* in support of this contention. 151 Pa. Commw. at 511-12, 617 A.2d at 837. However, this too is insufficient to support demurrer, as the defendant's argument and applicability of *Ciccheillo* rests upon the assumption that the plaintiffs will proceed under the theory of equitable estoppel. See *Ciccheillo,* 151 Pa. Commw. at 512, 617 A.2d at 837.

The facts plaintiffs have averred support recovery under the theory of promissory estoppel and the plaintiffs will proceed under that theory. While plaintiffs' failure to appeal the decision of the zoning hearing board may provide evidence that their reliance was unreasonable under the circumstances, it does not preclude recovery under the theory of promissory estoppel, even if it would preclude recovery under the theory of equitable estoppel as in *Cicchiello.* See *id.*

At this time, it is not clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. Therefore, defendant's preliminary objection of demurrer to Count I of the complaint (equitable estoppel) is denied.

## 2. Defendant's Preliminary Objection in the Nature of Demurrer As to Count II of Plaintiffs' Complaint (Negligence)

Count II of plaintiffs' complaint purports to assert a negligence claim against the defendant based upon the actions of its employee, Code Enforcement Officer Ziesemer. Defendant contends that defendant is immune from liability from plaintiffs' negligence claim pursuant to the provisions of the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541, et seq.

Plaintiffs agree with the cases cited by the defendant with respect to Count II (negligence) and so withdraw that count.

Therefore, defendant's preliminary objection of demurrer to Count II of the complaint (negligence) is granted. An appropriate order will follow.

## ORDER

And now, September 7, 2010, upon consideration of the pleadings and their supporting briefs, it is hereby ordered as follows:

(1) Defendant's preliminary objection of demurrer to Count I of the complaint (equitable estoppel) is denied and dismissed.

(2) Defendant's preliminary objection of demurrer to Count II of the complaint (negligence) is granted.