Schick v. Huntington Bancshares, Inc.

226

*John J. DeCaro Jr*, for plaintiffs.
*Richard J. Parks*, for defendant.

PICCIONE, *J.*, April 1, 2011—Before this court for disposition are the defendant's preliminary objections to plaintiffs' second amended complaint. The current action arose out of a commercial guaranty executed on April 24, 2002 by plaintiff Carmen Shick in favor of Huntington Bancshares, Inc., formerly Sky Bank (hereinafter, "defendant"). Mr. Shick guaranteed the payment of an outstanding balance owed to defendant by Ambrosia Coal & Construction Company (hereinafter, "Ambrosia"). On August 30, 2007, defendant filed a complaint to confess judgment against Mr. Shick with this court at docket no. 11298 of 2007, C.A. Defendant thereafter sent a forbearance agreement to Mr. Shick and granted Mr. Shick several extensions of time within which to seek relief from the confessed judgment. On November 1, 2007, Ambrosia made a payment of $190,000.00 on its loan account. On May 13, 2008, defendant withdrew $24,264.78 from the

joint bank account that Mr. Shick and Amy Shick, his wife (hereinafter, "plaintiffs"), had with defendant. The funds were then applied to Ambrosia's loan account as a set-off against the amount owed to defendant.

On June 30, 2009, plaintiffs filed a complaint, alleging that defendant wrongfully withdrew and set-off plaintiffs' joint deposit account. On September 23, 2009, defendant filed preliminary objections to plaintiffs' complaint. After hearing oral argument, the court overruled defendant's preliminary objection alleging legal insufficiency of plaintiffs' claims of wrongful set-off, estoppel, conversion, and abuse of process. In so ruling, the court concluded that it could not consider the deposit agreement attached to defendant's preliminary objections at this stage of the proceedings because nothing in plaintiffs' complaint indicated that the terms of the attached deposit agreement applied to the joint account from which defendant withdrew $24,264.78. Specifically, the court stated:

> [The deposit agreement attached to defendant's preliminary objections] pertains to an account with an account number ending in 6888. Plaintiffs' complaint, however, states that defendant withdrew the $24,264.78 from plaintiffs' joint account with defendant that had an account number ending in 6752. Plaintiffs argue that defendant failed to show that the account referenced in plaintiffs' complaint is the same account cited by defendants. The court agrees that defendant failed to demonstrate that the accounts ending in account numbers 6888 and 6752 are the same account. It cannot be determined by a review of the pleadings

whether the language in the deposit agreement granting defendant a right to set-off applies to the account from which the $24,264.78 was withdrawn. For purposes of defendant's demurrer, the language in the deposit agreement does not apply to plaintiffs' joint account ending in account number 6752. Plaintiffs could have executed a different deposit agreement where defendant was not granted a right to set-off amounts contained within the account. Therefore, it cannot be said that no recovery is possible on the facts averred by plaintiffs. *Shick v. Huntington Bancshares, Inc.*, 11060 of 2009, C.A. (C.P. Lawrence, February 23, 2010).

Defendant's preliminary objections alleging legal insufficiency of plaintiff's claim for punitive damages and alleging failure to conform to law or rule of court were sustained. Plaintiffs were granted 30 days to amend their complaint.

On March 24, 2010, plaintiffs filed an amended complaint to which defendant filed preliminary objections. Plaintiffs subsequently filed a second amended complaint on May 25, 2010, and defendant filed the instant preliminary objections to the second amended complaint on July 6, 2010. The court heard oral argument on defendant's preliminary objections on October 25, 2010. Defendant argues that plaintiffs' second amended complaint fails to state a cause of action upon which relief can be granted.

Rule 1028 of the Pennsylvania Rules of Civil Procedure permits parties to file preliminary objections based on the

legal insufficiency of a pleading (demurrer). Pa.R.C.P. 1028(a)(4). It is well settled that a preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. *Strausser v. PRAMCO III*, 944 A.2d 761, 764-65 (Pa. Super. 2008) (citing *Excavation Technologies, Inc. v. Columbia Gas Co. of Pennsylvania*, 936 A.2d 111, 113 (Pa. Super. 2007)). A demurrer must be resolved based solely on the pleadings, no testimony or evidence outside of the complaint may be considered to dispose of the legal issue presented. *Cooper v. Frankford Health Care System, Inc.*, 960 A.2d 134, 143 (Pa. Super. 2008) (citing *Cardenas v. Schober*, 783 A.2d 317, 321 (Pa. Super. 2001)). "All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true." *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 805 (Pa. Super. 2007). Conclusions of law or unjustified inferences contained in the complaint, however, are not admitted. *Lerner v. Lerner*, 954 A.2d 1229, 1234 (Pa. Super. 2008). Fact-based defenses are irrelevant when ruling on a preliminary objection in the nature of a demurrer. *Werner v. Plater-Zyberk*, 799 A.2d 776, 783 (Pa. Super. 2002) (citing *Orner v. Mallick*, 527 A.2d 521, 523 (Pa. 1987)). "The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible." *Price v. Brown*, 545 Pa. 216, 221, 680 A.2d 1149, 1151 (Pa. 1996). "Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Wawa Inc. v. Alexander J. Litwornia & Associates*, 817 A.2d 543, 544 (Pa. Super. 2003).

"A 'speaking demurrer' is defined as 'one which, in order to sustain itself, requires the aid of a fact not appearing on the face of the pleading objected, or in other words, which alleges or assumes the existence of a fact not already pleaded, and which constitutes the ground of objection and is condemned both by the common law and the code system of pleading.'" *Regal Indus. Corp. v. Crum and Forster, Inc.*, 890 A.2d 395, 398 (Pa. Super. 2005) (citing Black's Law Dictionary 299 (6th ed. 1991). The court is not permitted to consider a speaking demurrer in rendering its decision on preliminary objections. *Id.* "[A] *limited* exception to the rule against speaking demurrers exists for documents filed in support of a demurrer where a plaintiff has averred the existence of certain written documents *and premised* his cause of action upon those documents." *Barndt v. Pennsylvania Dep't of Corr.*, 902 A.2d 589, 592, n.2 (Pa. Cmwlth. 2006) (emphasis added).

In count I of the second amended complaint, plaintiffs assert a claim of wrongful set-off. They argue that defendant's withdrawal of $24,264.78 from plaintiffs' joint bank account was improper because actions taken and assertions made by defendant led plaintiffs to believe that defendant did not intend to exercise any right to set-off. Furthermore, plaintiffs argue that the set-off was improper because plaintiff Amy Shick did not owe any obligation to defendant.

In support of its preliminary objection to count I, defendant cites language from the deposit agreement for plaintiffs' joint account ending in account number 6888.

Defendant asserts that the agreement establishes defendant's right to set-off funds in the account against any other debt owed by plaintiffs. As stated above and in the February 23, 2010 opinion, the court cannot consider this deposit agreement at this stage of the proceedings because there is no indication in plaintiffs' second amended complaint that the terms of the deposit agreement applied to the joint account from which defendant withdrew $24,264.78. Any attempt by defendant to assert that the deposit agreement applied to that joint account represents an attempt to assert a fact-based defense that is not properly before the court at this time.

Defendant also supports its preliminary objection to count I by citing to the following portion of this court's February 23, 2010 opinion:

Absent an oral or written agreement to the contrary, plaintiffs have no cause to dispute defendant's exercise of its set-off rights. Therefore, plaintiffs' claim of wrongful set-off must be based on an agreement. Plaintiffs must allege whether one of their many agreements with defendant prohibited defendant from exercising its set-off rights. If such an agreement exists, plaintiffs must state specifically whether it is oral or written and, if written, attach a copy of the writing in accordance with Pa.R.C.P. 1019. *Shick v. Huntington Bancshares, Inc.*, 11060 of 2009, C.A. (C.P. Lawrence, February 23, 2010).

Defendant argues that plaintiffs have failed to allege or attach any agreement demonstrating an understanding

between the parties that defendant would not set-off funds in the joint account against another debt owed by plaintiffs.

Attached as exhibit C to plaintiffs' second amended complaint is the proposed forbearance agreement sent by defendant's counsel to plaintiff's counsel. Exhibits E1 through E3 are copies of e-mail exchanges between defendant's counsel and plaintiffs' counsel which indicate that several extensions of time within which to seek relief from the confessed judgment were granted by defendant. Plaintiffs also allege in the complaint that they were negotiating payment terms with defendant prior to the set-off. As plaintiffs' claims are based in part on the theory that defendant's conduct limited its right to set-off funds, the attachment of these documents and the allegations of negotiations and agreements between the parties satisfies the court's order.

The remaining question with respect to count I is whether plaintiffs have alleged sufficient facts to state a claim for wrongful set-off or whether count I is legally insufficient. As stated in the court's February 23, 2010 opinion, "[i]t is generally established that a bank has a general lien upon or right of set off against all moneys or funds in its possession belonging to a depositor to secure the payment of the depositor's indebtedness to it." *Royal Bank of Pennsylvania v. Selig*, 644 A.2d 741, 744 (Pa. Super. 1994). A bank's right of setoff arises under common law and is subject to the requirements of mutuality of obligation between the bank and the depositor, maturity of the debt, deposit in a general account, and depositor

ownership. *Pioneer Commercial Funding Corp. v. American Financial Mortg. Corp.*, 579 Pa. 275, 284, 855 A.2d 818, 824, n.11 (Pa. 2004).

> A bank cannot knowingly accept a deposit for a particular purpose and then act to defeat the purpose for which that deposit was made. A garnishee-bank, therefore, cannot exercise its right to set-off where it holds money or property belonging to a third party, or where the depositor has informed the bank that the contents of an account have been designated to fulfill a specific purpose. Additionally, where the bank maintains an account in which its right to detain the contents is subject to control, or where an account is controlled by an agreement through which the parties have demonstrated that a right to set-off had not been intended, the account is considered "special" and no right to set-off exists. Where a "special" account exists, the bank is generally acting as a bailee or trustee. When an account has some characteristics consistent with a "special" as well as a "general" account, it is most important to consider the parties' intent. If the parties have indicated that the right to set-off is preserved, the account is not considered "special." *Selig*, 644 A.2d at 745 (citations omitted).

A review of plaintiffs' second amended complaint reveals that plaintiffs have pled sufficient facts to support a claim for wrongful set-off. According to the complaint, defendant set-off $24,264.78 against the amount owed by plaintiff Carmen Shick and Ambrosia. Although defendant possesses a general common law right of set-

off, several allegations made by plaintiffs indicate that the set-off was improper. For example, the complaint states that defendant set-off funds against plaintiffs' joint account despite plaintiff Amy Shick not owing any debt to defendant. Furthermore, the forbearance agreement, time extensions, and negotiations tend to show that the parties did not intend to preserve an unfettered right to set-off funds against plaintiff's joint account. As a result, the court concludes that count I is legally sufficient to state a claim for wrongful set-off at this stage of the proceedings, and defendant's preliminary objection to count I is overruled.

In count II of the second amended complaint, plaintiffs assert a claim of estoppel. They argue that, by granting plaintiffs a general extension, accepting payment on the loan account, failing to send any notice regarding amounts due and owing for a period of six months, and acknowledging to third parties the availability of funds in plaintiffs' account, defendant is equitably estopped from asserting any set-off rights it may have against plaintiffs. Defendant argues that plaintiffs' complaint is legally insufficient to state a claim for estoppel.

It appears from plaintiffs' second amended complaint and their brief that plaintiffs are asserting a claim of equitable estoppel, not promissory estoppel. Equitable estoppel is a doctrine sounding in equity that prevents one from doing an act differently than the manner in which another was induced by word or deed to expect. *Prime Medical Associates v. Valley Forge Ins. Co.*, 970 A.2d

1149, 1157 (Pa. Super. 2009). "It 'arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts."' *Liberty Property Trust v. Day-Timers, Inc.*, 815 A.2d 1045, 1050 (Pa. Super. 2003) (citing *In re Estate of Tallarico*, 425 Pa. 280, 288, 228 A. 2d 736, 741 (Pa. 1967)). Equitable estoppel is "wholly a defensive doctrine," and "does not create a cause of action at law." *Peluso v. Kistner*, 970 A.2d 530, 533 (Pa. Cmwlth. 2009); *Department of Public Welfare v. School District of Philadelphia*, 410 A.2d 1311, 1314 (Pa. Cmwlth. 1980). Because equitable estoppel cannot be maintained as an independent cause of action, count II must be stricken from plaintiffs' second amended complaint. Going forward, plaintiffs are not precluded from asserting the facts and arguing the theory that supports their claim of equitable estoppel; however, the facts asserted in count II do not support an independent cause of action. Therefore, defendant's preliminary objection to count II is sustained.

Similarly, plaintiffs' claim of waiver in count III of the amended complaint is legally insufficient to state a cause of action. Waiver is the voluntary and intentional abandonment or relinquishment of a known right. *Prime Medical Associates*, 970 A.2d at 1157. It is also a defensive doctrine which does not create an independent cause of action. *Id.* As a result, plaintiffs' claim of waiver is stricken, and defendant's preliminary objection to count

III is sustained.

In count IV of the second amended complaint, plaintiffs' assert a claim of conversion. "Conversion is the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification." *Francis J. Bernhardt, III, P.C. v. Needleman*, 705 A.2d 875, 878 (Pa. Super. 1998) (citing *Shonberger v. Oswell*, 530 A.2d 112, 114 (Pa. Super. 1987)). Plaintiffs assert in their complaint that defendant unlawfully withdrew funds from plaintiffs' account without plaintiff's consent and, in doing so, deprived plaintiffs of the use of their money deposited into their joint account. At this stage of the proceedings, there is no indication that defendant was permitted to withdraw the funds from plaintiffs' joint account after plaintiffs and defendant allegedly reached an understanding that defendant would refrain from withdrawing funds from the account. There is also no indication that plaintiffs consented to the set-off. Therefore, plaintiffs' have sufficiently stated a claim for conversion, and defendant's preliminary objection to count IV is overruled.

Plaintiffs allege an abuse of process in count V of their second amended complaint. Abuse of process is the use of legal process against another primarily to accomplish a purpose for which it is not designed. *Cruz v. Princeton Ins. Co.*, 972 A.2d 14, 15 n. 1 (Pa. Super. 2009). It "is, in essence, the use of the legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process." *Id.* Whether the process was properly

issued or initiated for a proper purpose is immaterial. *Lerner v. Lerner*, 954 A.2d 1229, 1238 (Pa. Super. 2008). "The subsequent misuse of the process, though properly obtained, constitutes the misconduct for which the liability is imposed." *Id.* at 1239.

Plaintiffs allege that defendant's set-off against their joint account constitutes execution by defendant upon its judgment entered by confession against plaintiff Carmen Shick. They assert that defendant's failure to provide prior notice of the set-off to plaintiffs and the failure to rescind the general time extension constituted an abuse of process. Furthermore, they claim that the set-off was improper as applied to plaintiff Amy Shick, as the joint account was exempt from execution by defendant. Based on the facts alleged, the court concludes that plaintiffs sufficiently stated a claim for abuse of process. Therefore, defendant's preliminary objection to count V is overruled.

In count VI of the second amended complaint, plaintiffs assert a claim for punitive damages. "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 506 Pa. 383, 395, 485 A.2d 742, 747 (Pa. 1984). Nevertheless, punitive damages are a form of relief, not a separate cause of action. *Robbins v. Cumberland County Children and Youth Services*, 802 A.2d 1239, 1253 (Pa. Cmwlth. 2002). It is merely incidental to an underlying cause of action, which the jury may consider in determining that cause. *Kirkbride v. Libson Contractors, Inc.*, 521 Pa. 97, 102, 555

A.2d 800, 803 (Pa. 1989). A review of the second amended complaint reveals that plaintiffs have sufficiently pled facts demonstrating that defendant acted with an evil motive or with reckless, outrageous indifference to the rights of others. Therefore, plaintiffs may assert a claim for punitive damages, but because such a claim does not constitute an independent cause of action, count VI must be stricken from plaintiffs' second amended complaint. Defendant's preliminary objection to count VI is sustained.

## ORDER OF COURT

And now, April 1, 2011, the court having held oral argument on October 25, 2010 regarding defendant's preliminary objections to plaintiffs' second amended complaint, with John J. DeCaro, Jr., Esquire, appearing and representing the plaintiffs, and Richard J. Parks, Esquire, appearing and representing the defendant, the court finds and it is hereby ordered and decreed as follows:

1. Defendant's preliminary objections alleging legal insufficiency of counts I, IV, and V of plaintiffs' second amended complaint are hereby overruled pursuant to the attached opinion.

2. Defendant's preliminary objections alleging legal insufficiency of counts II, III, and VI of plaintiffs' second amended complaint are hereby sustained pursuant to the attached opinion.

3. Counts II, III, and VI are stricken from plaintiffs' second amended complaint.

4. The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.