In re Appeal of Kenton E. and Charlene R. KREIDER from the decision of the Zoning Hearing Board of South Londonderry Township dated 12/4/00.

Appeal of Kenton E. Kreider and Charlene R. Kreider.

Commonwealth Court of Pennsylvania.

Submitted Sept. 10, 2002.

Decided Oct. 7, 2002.

Joseph A. Kalasnik, Hanover, for appellants.

John R. Kelsey, III, Lebanon, for appellee.

BEFORE: LEADBETTER, Judge, and COHN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge LEADBETTER.

Landowners, Kenton E. and Charlene R. Kreider, appeal from the order of the Court of Common Pleas of Lebanon County, which affirmed the decision of the South Londonderry Township Zoning Hearing Board (ZHB) requiring that the Kreiders cease operating their tent and trailer campground until they obtain land development approval. The Kreiders contend that under the theory of variance by estoppel they are entitled to operate the campground without land development approval. Common pleas concluded that the Kreiders had not established grounds for a variance by estoppel. We affirm.

The Kreiders own approximately 86 acres in South Londonderry Township. They first acquired 26 acres sometime in the 1970's. They built their home on approximately 6.5 acres. In 1984, they obtained special exception approval to operate a campground on the vacant acreage to the northeast of their residence and barn.[1] As conditions of approval, the Township's Zoning Hearing Board (ZHB) required (1) that the residence be a part of the campground and remain occupied by persons administering the camp, (2) that there be no long term occupancy of campsites, (3) that the Kreiders provide adequate and safe ingress and egress and (4) that they

"submit a Land Development Plan pursuant to regulations of the Township's ordinance." *In re Kreider* (No. 8–1984, dated October 26, 1984), ZHB decision at 3. Thereafter, the Kreiders drilled a well, cut a few trails and roads, and opened their property to a few groups for primitive camping. In the mid–1990's, Mr. Kreider, intending to devote more time to operation of the campground, proceeded with improvements necessary to use the site more intensively. In 1997, he obtained a sewage permit from the Township and installed on-site sewage treatment sand mounds to accommodate several bath houses for use by campers. Kreider also obtained a permit from the Department of Transportation (DOT) for a low volume entrance drive.

In October of 1998, the Kreiders applied for and obtained a special exception to permit the expansion of the campground onto an additional 60 acres adjoining the original site. Thereafter, the Kreiders installed electrical meter bases preparatory to providing electrical service at the trailer campsites and they modified or installed some wooden sheds for use as bathhouses. In August of 2000, prior to erecting a ground sign, the Kreiders requested a certificate of occupancy. The Township's Community Development Official, Richard Mattis, denied this request based on his determination that the campground use was not permitted because the Kreiders had never filed a land development plan as required in the 1984 special exception approval.[2] The Kreiders appealed this determination to the ZHB.

In their written appeal form to the ZHB, the Kreiders asserted that their

---

1. The Kreiders' land is located in the Township's Agricultural Zoning District. Apparently, in 1984, when they sought approval for the campground, this use was permitted by special exception. In 1988, the Township en-

acted a new zoning ordinance, which does not provide for campground use in the Agricultural District.

2. Mattis also issued an enforcement notice informing the Kreiders that the three sheds

campground was a legal use approved in 1984 as a special exception; they did not state any theory of vested right or variance by estoppel. R.R. at 8a. However, in their closing argument before the ZHB, the Kreiders contended that they had filed a development plan in 1985 and that the Township had failed to render a decision on the plan within the time limits imposed under Section 508 of the Municipalities Planning Code (MPC).[3] Based on the Township's inaction, the Kreiders argued that they had obtained a deemed approval. Alternatively they argued that under a theory of estoppel, they are entitled to continue to use their land for the campground.[4]

Following a hearing, the ZHB found that the Kreiders had never submitted a land development plan as required in 1984 but had "continued with his development of the property in open disregard of the requirement to file a [plan]." The ZHB

further found that Mr. Kreider had served on the Township's Planning Commission and therefore understood the requirements for a proper land development plan, that his testimony was incredible and misleading and that the Kreiders had not demonstrated grounds to justify exemption from ordinance requirements. The ZHB ordered, in pertinent part, as follows:

> The [Kreiders] are prohibited from operating a campground on the premises or making any improvements for the purposes of operating a campground until: a) they have complied with the requirements of the decision of the Zoning Hearing Board of October 26, 1984 by having a proper Land Development Plan filed and approved; and b) they have obtained the proper building permits and inspections as required by township ordinance for all structures and/or improvements on the premises added since October 26, 1984.

and electric meter bases were in violation of Township ordinances. The Kreiders appealed the enforcement notice to the ZHB and to common pleas. Common pleas found sufficient evidence to support the ZHB's finding that the sheds and meter bases were in violation but vacated that portion of the ZHB decision that imposed fines on the grounds that the imposition of fines exceeded the ZHB's authority. The Township has not challenged this aspect of common pleas' order. The Kreiders have not challenged the enforcement notice in the present appeal. Consequently, our review is limited to that portion of common pleas' decision affirming the ZHB's determination that the Kreiders must file a land development plan.

3. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508. Section 508 of the MPC was reenacted as amended by the Act of December 21, 1988, P.L. 1329, *as amended,* 53 P.S. § 10508. Section 508 generally requires municipal decision on a land development plan not later than 90 days following the date of the regular meeting of the governing body next following the date the application is filed.

4. Section 1005–A of the MPC, added by the Act of December 21, 1988, P.L. 1329, directs that when common pleas takes additional evidence, its review of the ZHB decision is *de novo.* See 53 P.S. § 11005–A. However, when, as in the present case, common pleas receives no additional evidence, it is limited to reviewing whether the ZHB's decision is supported by the evidence and free of legal error. *Id.* It follows then that when the parties do not request that common pleas hear additional evidence, any issues or arguments not raised before the ZHB cannot be raised for the first time to common pleas and are waived. *Society Created to Reduce Urban Blight v. Philadelphia Zoning Bd. of Adjustment,* 804 A.2d 116, 119 (Pa.Cmwlth.2002). Here the Kreiders argued that under a theory of estoppel, they are entitled to continue to use their land for the campground. While the Kreiders did not explicitly articulate their theory in the words "variance by estoppel," they sufficiently asserted this theory in their argument and have therefore preserved it.

*In re Kreider* (No.2000–105 and 106, dated December 4, 2000), ZHB decision at 4.

The Kreiders appealed to common pleas. They contended that in 1985, they submitted to the Township a plan of the property depicting on-site sewage treatment, which fulfilled the requirement for submission of a land development plan. Alternatively, the Kreiders asserted that the Township is barred under the "doctrine of estoppel, the doctrine of laches, the doctrine of waiver, and the doctrine of consent," from now requiring submission of a land development plan. In support of their contention, the Kreiders pointed to their use of the camp for fifteen years without the Township's objection, the issuance of various permits and the approval of the 1998 special exception application. Common pleas construed these contentions as the assertion of entitlement to a variance by estoppel and opined that the Kreiders had not proven entitlement thereto. For this reason, common pleas affirmed the ZHB's order prohibiting operation of the campground until a land development plan is submitted and approved. The Kreiders filed the present appeal in which they assert only their entitlement to continue operating the campground under a variance by estoppel.

 A variance by estoppel is one of three labels assigned in Pennsylvania land use/zoning law to the equitable remedy precluding municipal enforcement of a land use regulation. Our courts have generally labeled the theory under which a municipality is estopped: (1) a "vested right"

where the municipality has taken some affirmative action such as the issuance of a permit, *Chateau Woods, Inc. v. Lower Paxton Township*, 772 A.2d 122 (Pa. Cmwlth.2001); a "variance by estoppel" where there has been municipal inaction amounting to active acquiescence in an illegal use, *Skarvelis v. Zoning Hearing Bd.*, 679 A.2d 278 (Pa.Cmwlth.1996); or, "equitable estoppel" where the municipality intentionally or negligently misrepresented its position with reason to know that the landowner would rely upon the misrepresentation, *Cicchiello v. Bloomsburg Zoning Hearing Board*, 151 Pa. Cmwlth. 506, 617 A.2d 835 (1992).[5] Estoppel under these theories is an unusual remedy granted only in extraordinary circumstances and the landowner bears the burden of proving his entitlement to relief. *Skarvelis*, 679 A.2d at 281. Except for the characterization of the municipal act that induces reliance, all three theories share common elements of good faith action on the part of the landowner: 1) that he relies to his detriment, such as making substantial expenditures, 2) based upon an innocent belief that the use is permitted, and 3) that enforcement of the ordinance would result in hardship, ordinarily that the value of the expenditures would be lost. *Chateau Woods*, 772 A.2d at 126; *Skarvelis*, 679 A.2d at 281; *Cicchiello*, 617 A.2d at 837.

 In the present case, there is no question that the Township did not enforce the Kreiders' obligation to file a land development plan for over fifteen years.[6] During that time, the Township issued

---

**5.** To a large extent the different labels impose an analytical rigidity that is not helpful. Municipal action that may underpin estoppel often embodies more than one category; for example, active acquiescence manifested by the issuance of a permit, *Knake v. Zoning Hearing Board*, 74 Pa.Cmwlth. 265, 459 A.2d 1331 (1983); issuance of a permit coupled with reliance on the zoning officer's interpre-

tation of the ordinance, *Three Rivers Youth v. Zoning Board of Adjustment*, 63 Pa.Cmwlth. 184, 437 A.2d 1064 (1981). *See generally Mucy v. Fallowfield Township Zoning Hearing Bd.*, 147 Pa.Cmwlth. 644, 609 A.2d 591, 592–93 (1992).

**6.** A violation of a condition attached to a special exception is the equivalent of a violation of the zoning ordinance for which the

permits for a storage shed in 1986, the sewage system in 1997, and, in 1998, the ZHB approved a special exception to expand the campground. There is also no dispute that the Kreiders made substantial improvements to the property. The Kreiders' estoppel claim fails, however, because they cannot establish that they have consistently acted in good faith. The ZHB, as the fact-finder, not only rejected Mr. Kreider's testimony regarding reliance on the Township's acquiescence as incredible but also concluded that he intended to mislead. The ZHB found that the Kreiders did not demonstrate the requisite good faith when they "continued to develop the property in open disregard of the requirement to file a land development plan." ZHB decision at 4. In addition, the ZHB found that the Kreiders deliberately and intentionally violated the Township's ordinance by adding three sheds and two electrical meter bases without first obtaining permits. The Kreiders failed to meet their burden of proving that their expenditures to improve the property were made based on any justifiable belief that they could develop the campground without submitting a land development plan as explicitly required as a condition of the 1984 special exception approval. For this reason, the Kreiders did not establish any entitlement to a variance by estoppel.

Accordingly, we affirm.[7]

### ORDER

AND NOW, this 7th day of October, 2002, the order of the Court of Common

Pleas of Lebanon ·County in the above captioned matter is hereby AFFIRMED.

---

municipality may seek the imposition of fines or equitable remedies under Section 617 of the MPC, 53 P.S. § 10617. *Kulak v. Zoning Hearing Bd. of Bristol Township*, 128 Pa. Cmwlth. 457, 563 A.2d 978, 980 (1989).

7. Finally, we note that the ZHB did not irrevocably bar the Kreiders' development and use of the campground, but only required that they first comply with the procedures mandat-

ed by the ordinance. Such a mandate, in and of itself, would not amount to a legally cognizable hardship. Because the ZHB did not address the question whether the Kreiders proved that compliance would cause them some actual hardship, and because it is unnecessary to the disposition of this case, we will not include this issue as part of our analysis.