# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank M. Sajer and
Constance Coyne Sajer,       :
                             :
                             :
            Appellants       :
                             :
      v.                     :      No. 265 C.D. 2018
                             :      ARGUED:  December 13, 2018
Zoning Hearing Board of Hampden   :
Township                     :
                             :
      v.                     :
                             :
Township of Hampden          :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                **FILED:  February 21, 2019**

Frank M. Sajer and Constance Coyne Sajer (Neighbors) appeal from the order of the Court of Common Pleas of Cumberland County affirming the order of the Hampden Township Zoning Hearing Board (Board). In this unusual case, there was no action by the Hampden Township Zoning Enforcement Officer (Zoning Officer) from which Neighbors appealed—rather, their appeal concerns the inaction of the Zoning Officer with regard to a neighboring landowner's construction and excavation work without a zoning permit and the attendant permitting procedures required by the Hampden Township Zoning Ordinance (Ordinance).[1]   The Board

---

[1] The Ordinance provides in relevant part as follows:

has not participated in the appeal to the trial court or this Court; Hampden Township has intervened.

Neighbors own a property sharing a rear property line with Robert Beaudry (Landowner), who has not been a party to, or participated in, Neighbors' appeal.[2]   Landowner's property is in a residential zoning district under the Ordinance.   In June 2016, Landowner applied for and received from the Township's engineering department a permit allowing him to build a four-foot high concrete block retaining wall, with the addition of fill to raise the grade next to Neighbors' property.   (Reproduced Record "R.R." at 3a-20a.)   The permit also approved the installation of a six-foot high vinyl fence on top of the retaining wall and a storm

---

The Board shall hear and decide appeals where it is alleged by the *appellant* that the Zoning Officer *has failed to follow prescribed procedures or has misinterpreted or misapplied any provision of a valid ordinance or map or any valid rule or regulation governing the action of the Zoning Officer*. Nothing contained herein shall be construed to deny to the appellant the right to proceed directly to court where appropriate.

Hampden Township Zoning Ordinance (Ordinance), § 2201.B (relating to appeals) (emphasis added).  "Appellant" is not defined by the Ordinance. *See also* Sections 909.1 and 913.3 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10909.1(a)(3) (relating to the jurisdiction of the zoning hearing board to hear appeals from the "failure to act on the application therefor [i.e., for a permit]") and 10913.3 (relating to parties appellant before the zoning hearing board, including "any person aggrieved"). Section 909.1 and 913.3 of the MPC were added by the Act of December 21, 1988, P.L. 1329.

[2] Neighbors state that Landowner was given notice of the proceeding before the Board. Landowner was not present at the hearing and did not participate in the appeals below or before this Court.  However, Landowner's professional engineer attended the Board's hearing in this matter, refusing to testify when asked.

water drain system.  (*Id.*) No separate zoning permit for the excavation and retaining wall and fence was issued by the Zoning Officer.[3]

After commencement of Landowner's project, Neighbors filed an application/appeal to the Board claiming both the project and the permitting process violated the Ordinance. The Board held a hearing on Neighbors' appeal in October of 2016. Before the Board, Darrell McMillan, Director of Community Development and Assistant Zoning Officer, testified for the Township. McMillan testified that the custom in the Township is for a landowner who wishes to build a retaining wall to apply to the Township engineering department for a single permit.  McMillan testified that the single or combination permit functions as both a building permit and a zoning permit, without application to the Zoning Officer.  McMillan further testified that the application for the combination permit contains everything required on a zoning permit application form, and thus the zoning permit was contained within the permit obtained by Landowner. A detailed engineer's drawing was

---

[3] The permit is numbered 7061 and is prominently captioned "CERTIFICATE OF OCCUPANCY" in large type at the bottom of the page.  The document states as follows:

> FINAL INSPECTIONS: It is the applicant's responsibility to notify the Township for a final building inspection when permitted work is completed.   All final lot grading shall meet the requirements of Section 507 of the Hampden Township Land Development Ordinance.

(R.R. at 3a).  In a box marked "REVIEW," the permit also states as follows:

> This permit has been issued after reviews under the requirements of the UCC and the IRC 2009.  Per section 403.66 of the UCC a building, structure or facility may not be used or occupied without a Certificate of Occupancy Issued by a Building Code Official.  Per Section 403.45 of the UCC a Construction Code Official shall make the required inspections to comply with the UCC.

(*Id.*)

submitted with Landowner's permit application. The Township requires an applicant to pay a zoning permit fee, and Landowner did so.  The permit is not signed by the Zoning Officer. McMillan did not inspect the property before or during construction, but did so a few weeks prior to the Board's hearing.  McMillan reviewed the application, but it appears that his review also took place after the construction of the wall.  With regard to the height of the retaining wall and fence, McMillan testified that under the Ordinance there is no limitation on the height of retaining walls holding back earth and that the fence erected by Landowner, while taller than the one specified in the permit, was compliant with the Ordinance.

The retaining wall, fence, and storm drain were built and additional fill beyond that specified in the building application was used.  The changes in Landowner's property altered the flow of storm water, creating erosion problems for Neighbors.  After construction and before the hearing, McMillan found that the storm drain, which was part of the permit application, violated the Ordinance by directing a discharge of water onto adjoining property.  As a result, Landowner was directed to block the storm drain, and he did so.

The Board delivered a Decision in December 2016 denying Neighbors' appeal.  Neighbors filed a land use appeal to the trial court, which accepted briefs and held argument but did not take additional evidence. The trial court affirmed the decision of the Board and Neighbors appealed to this Court.  On appeal,[4] Neighbors

---

[4] Where the trial court does not take additional evidence, our scope of review is limited to determining whether the zoning hearing board abused its discretion or committed an error of law. *Tink-Wig Mountain Lake Forest Prop. Owners Ass'n v. Lackawaxen Twp. Zoning Hearing Bd.,* 986 A.2d 935, 939 n.2 (Pa. Cmwlth. 2009). This Court may conclude that the governing body abused its discretion only if its findings of fact are not supported by substantial evidence. *Id*. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

4

assert that the single-permit procedure violated the Ordinance, by the fact that the Zoning Officer did not inspect the property before construction or issue a zoning permit; that the construction was non-compliant with the Ordinance in various respects such that a variance was required; and that the Board exhibited bias in its procedures.

To begin, despite the conclusions of the Board and the arguments of the Township, it would appear quite clear that the current zoning permitting process for erecting retaining walls in Hampden Township is not compliant with the Ordinance and the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101 - 11202. As the trial court noted, Section 1708(7) of the Ordinance provides that "[a] Zoning Permit shall be acquired for all fences and walls in accordance with requirements of Section 2204." Section 2204 of the Ordinance provides in relevant part as follows:

1. Requirement of Permits. *A zoning permit shall be required prior to the erection, addition or alteration of any . . . structure . . . .*

2. Application for Permits. All applications for permits shall be accompanied by a plan . . . . One copy of the plans shall be returned to the owner when the plans [sic] are approved by the Zoning Officer or other appropriate person or body . . . .

3. Issuance of Permits. *No permit shall be issued until the Zoning Officer has certified that the proposed use of land, building, addition, or alteration complies with all the provisions of this Chapter*, as well as with all the provisions of any existing or hereafter enacted Building Permit Ordinance or other ordinance or provision thereof pertaining to building permits . . . . The applicant and owner shall comply with all terms and conditions of any zoning permit issues [sic] and failure to do so shall constitute a violation of this Section.

Ordinance, § 2204 (relating to permits) (emphasis added).

Further, Section 614 of the MPC provides in relevant part as follows:

> The zoning officer *shall administer* the zoning ordinance in accordance with its *literal terms*, and *shall not* have the power to permit any construction or any use or change of use which does not conform to the zoning ordinance.

53 P.S. § 10614 (relating to appointment and powers of zoning officer) (emphasis added). Section 2203 of the Ordinance provides in relevant part as follows:

> *It shall be the duty of the Zoning Officer*, and he is hereby given the necessary power and authority *to enforce the provisions of this Chapter*. The Zoning Officer *shall examine all applications for permits, issue permits for construction* and uses which are in accordance with the requirements of this Chapter [and] record and file all applications for permits with accompanying plans and documents . . . .

Ordinance, § 2203 (emphasis added). While the Township argues that requiring separate building and zoning permits is unnecessary and wasteful, it appears to be a clear requirement of the Ordinance.

The issue concerning the lack of a pre-construction inspection is less clear. It should be noted that Section 2208 of the Ordinance, cited by Neighbors, does not necessarily *require* an inspection prior to issuance of a permit or afterwards. Section 2208 provides in relevant part as follows:

> 1. It shall be the duty of the Zoning Officer or his duly appointed representative to make *such inspections* of the property for which a zoning permit has been issued *as necessary to assume* [sic] *compliance* with such permit and this Chapter.
>
> 2. At the *beginning* of construction, *a record* shall be made indicating the time and date of the inspection and the findings in regard to conformance of the construction with plans submitted with the application for the permit.

3. *If the actual use or construction does not conform* with the Zoning Permit, a written notice of violation shall be issued by the Zoning Officer, or his duly appointed representative, and construction shall be discontinued. Upon proper correction of the violation and receipt of written notice from the Zoning Officer, or his duly appointed representative, construction may proceed.

4. At the completion of construction, a record shall be made indicating the time and date of the inspection, the findings of the Zoning Officer or his duly appointed representative in regard to the issuance of a certificate of use.

Ordinance, § 2208 (relating to inspection and enforcement) (emphasis added). Subsection 1 requires inspections only "as necessary to assume [sic] compliance" with a permit; subsection 2, while requiring that at the beginning of construction a record be made of the time and date of the inspection, does not expressly require that an inspection be done; subsection 3 is contingent upon the actual use or construction not conforming to the permit during construction; and subsection 4, like subsection 2, requires a record of an inspection to be made (in subsection 4, at the end of construction), but does not require an inspection to be done. That said, if the authority to inspect and enforce is permissive, it certainly presupposes the issuance of a zoning permit – which is mandatory. The Township's preferred procedure of relieving the Zoning Officer of the duty to review and issue a zoning permit for retaining walls certainly would appear to diminish the likelihood that he would become involved in the process by exercising his discretion regarding the need to inspect the property. Moreover, McMillan did not testify that he failed to inspect the property prior to construction because he found it unnecessary; he was not asked that question. McMillan simply testified that he had not inspected the project until after it was completed.

Nevertheless, the excavation is complete and the retaining wall and fence have been erected. Even though we cannot condone the Township's use of a

7

procedure which violates its own ordinance, in light of the accepted testimony that all the requirements of a zoning permit were included in the dual purpose building permit, to send the case back for re-permitting alone, at this point, would be pointless. Moreover, to do more, i.e., to require the demolition of an existing structure because of a defective permitting process, particularly when Landowner has complied with all the Township has required of him, would be manifestly unjust.

With respect to the claim that variances were required, we note that most of Neighbors' arguments relate to requirements that are subject to interpretation, such as from what angle to measure the height of a wall or what height a retaining wall needs to be in order to "hold back an earthen berm," and are clearly based upon Neighbors' characterization of the evidence—which interpretations and characterizations were not accepted by the Board. McMillan testified that the structure was currently compliant with the Ordinance, and the Board and trial court agreed. Given the necessary deference which must be given to the Board as the entity responsible for the interpretation and application of the Ordinance, *see Walck v. Lower Towamensing Township Zoning Hearing Board*, 942 A.2d 200, 209 (Pa. Cmwlth. 2008), we cannot say that these findings were erroneous, with one exception.

The only manner in which the construction of the retaining wall and fence clearly appear to be in violation of the Ordinance is in relation to impervious surface cover. As a result of the project, the impervious surface cover on Landowner's property was increased from 38.4% to 39.1%, while the Ordinance limits such cover to 30%. Evidently the 38.4% level occurred when a swimming pool was built on Landowner's property in 1986. It is not clear whether the Ordinance language or only its interpretation was changed after the pool construction, but the testimony reflects that when the pool was put in, "swimming pool water surfaces were not considered coverage . . . ." (Notes of Testimony "N.T."

8

at 103; R.R. at 150a). In any case, the pool construction was approved as compliant when it occurred, and the current increase from the preexisting nonconformity was only seven tenths of 1%. We find this .7% increase to the existing cover to be *de minimis*, if not subject to the general doctrine of variance by estoppel, specifically the aspect of the doctrine known as vested rights. The retaining wall and fence were built with the approval of the Township in accordance with its procedures and found to be compliant by the zoning authorities and the Board.[5] Accordingly, we must reject Neighbors' arguments concerning a need for a variance.

Finally, Neighbors complain that the Board exhibited bias against them because it imposed certain limitations on the presentation of evidence. It is not clear what evidence Neighbors believe to have been precluded, let alone that its exclusion would have been so significant as to have denied them a fair hearing. With few formal requirements under Section 908 of the MPC, zoning boards have broad

---

[5] The *de minimis* doctrine is a narrow exception to the burden a party seeking a variance must normally bear. *Pequea Twp. v. Zoning Hearing Bd. of Pequea Twp.*, 180 A.3d 500, 504 (Pa. Cmwlth. 2018). It may be applied where (1) only a minor deviation from the zoning ordinance is sought and (2) rigid compliance with the ordinance is not necessary for the preservation of the public interests sought to be protected by the ordinance. *Id.* The determination of whether or not the *de minimis* doctrine applies requires careful consideration of both of these factors. *Id.*

Variance by estoppel refers to a group of equitable doctrines in Pennsylvania land use/zoning law which preclude municipal enforcement of a land use regulation. Variance by estoppel may be applied where the municipality has taken an affirmative action such as issuing a permit ("vested right"); has actively acquiesced in an illegal use through its inaction ("variance by estoppel"); or has intentionally or negligently misrepresented its position with reason to know that the landowner would rely upon that misrepresentation ("equitable estoppel"). *In re Kreider*, 808 A.2d 340, 343 (Pa. Cmwlth. 2002). The doctrines share common elements of good faith action on the part of the landowner: reliance to his detriment, such as making substantial expenditures; an innocent belief that the use is permitted; and hardship which would result from enforcement of the ordinance, such as the loss of the value of expenditures. *Id.* Municipal action underpinning the application of these doctrines may embody more than one category, *id.* at n.5 (citing cases), and the theories share common elements and are often used interchangeably, *see Vaughn v. Zoning Hearing Board of Township of Shaler*, 947 A.2d 218, 225 n.12 (Pa. Cmwlth. 2008)

discretion to control the conduct of their proceedings and the presentation of evidence. *See generally* 53 P.S. § 10908 (relating to hearings). Consistent with their rights under Section 908(5) of the MPC, 53 P.S. § 10908(5), Neighbors were allowed to testify, introduce documents, and present witnesses, and were represented by counsel, who cross examined the Township's witness. We have reviewed the transcript of the hearing and see nothing to support Neighbors' claim of bias and prejudice.[6]

For all the foregoing reasons we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[6] Neighbors list other complaints about the conduct of the hearing, including moving their case from first to the last of three on the September 2016 agenda, resulting in a continuance and allegedly disrupting their case presentation; the holding of non-public executive sessions; and "permitting" a Board member who had previously represented Landowner in a legal matter to participate. There is no evidence in the record or allegation that the Board's decisions on the arrangement of its agenda resulted from bias or prejudice. There are no allegations of violations of the Sunshine Act, 65 Pa.C.S. §§ 701-716, in the conduct of executive sessions. The Board member in question voluntarily disclosed her prior representation, stated it did not relate to property issues, denied an existing attorney-client relationship or conflict, and confirmed her impartiality. Of key importance, Neighbors did not object to the member's participation.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank M. Sajer and
Constance Coyne Sajer,

             Appellants

                  v.

Zoning Hearing Board of Hampden
Township

                  v.

Township of Hampden

:
:
:
:
:
:
:    No. 265 C.D. 2018
:
:
:
:
:
:
:
:

# **O R D E R**

AND NOW, this 21st day of February, 2019, the Order of the Court of Common Pleas of Cumberland County is **AFFIRMED**.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge